THE STATE, FREDERICK COSSET, PROSECUTOR, v. JOHN REIN-
HARDT, COLLECTOR OF UNION, COUNTY OF HUDSON.

Where a farm, on which is a dwelling-house, is situate in two townships,
and the owner does not in person occupy the property, but leaves it
in the charge and care of his servant, the gardener, the occupation of
the servant will be considered the occupation of the owner, and the
property taxable in the township where the principal dwelling-house
is situate.

On *certiorari.* In matter of taxation.

This case was argued (in the branch court) before Justices
OGDEN and HAINES.

For prosecutor, *A. O. Zabriskie.*

For the defendant, *F. B. Ogden.*

The opinion of the court was delivered by

HAINES, J. · The plaintiff in *certiorari* is the owner of a
farm in the county of Hudson, all of which was in the town-
ship of North Bergen until the year 1859, when the town-
ship of Weehawken was erected and made to include within
its bounds a part of the farm. In 1861 the township of
Union was formed and made to embrace the other part.

In 1862 the assessment in question was made; the farm
was divided by the line between the two last named town-
ships. The dwelling-house is in Weehawken, and there the
prosecutor resided until the year 1859 or 1860, when he re-
moved to New York, leaving the farm in the care of his gar-
dener, who occupied a small house on that part of the farm
which is in Union, and had the use of a small piece of land
for his services.

The prosecutor was assessed and paid taxes for the whole
farm in Weehawken. He is also assessed in Union for such
part of the farm as lies in that township. This latter assess-
ment he seeks to set aside.

The 6th section of the act of 3d March, 1854, *Nix. Dig.* 802, *pl.* 63,* provides, that "every person shall be assessed in the township or ward where he resides when the assessment is made, for all lands then owned by him within the said township or ward, either occupied by him or wholly unoccupied; and when the line between two townships or wards divides a farm or lot, the same shall be taxed, if occupied, in the township or ward where the occupant resides; and if unoccupied, each part shall be assessed in the township or ward in which the same shall lie."

The language of the section is not very perspicuous, but the only reasonable construction to be given to it is, that where an occupied farm is divided by a township line, it shall be assessed in the township in which the occupant resides, the township in which is the principal dwelling-house; but where the farm is unoccupied, each part is to be assessed in the township in which such part lies.

The term "unoccupied," in this section, has the same meaning as the term untenanted in the 34th section of the act concerning taxes, *Nix. Dig.* 798,† and applies to land having no visible occupant or possessor. ELMER, J., *in State* v. *Hoffman, Coll'r,* 1 *Vroom* 346.

To authorize an assessment in each township, it must appear that there was no visible occupant or possessor. The owner of land may occupy it in person or by his servants or croppers, and if it be occupied in either way there cannot be two assessments.

In this case the owner did not reside on any part of the farm, but had left it in the charge and care of his servant, the gardener. The land was not unoccupied, and does not come within the provision of the last clause of the section of the act.

The prosecutor was in the occupation and possession of the land by his servant, and could maintain his action for any trespass upon it.

The principal dwelling-house was in Weehawken, and

* *Rev.*, p. 1152, § 65.     † *Rev.*, p. 1146, § 35.

there the assessment upon the whole farm was properly made, and there the tax was paid.

The assessment in Union was erroneous and must be set aside.

Assessment set aside.